IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-26-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| ADRIAN FRANK NAULT, | |
| Defendant. | |

## I. Synopsis

Defendant Adrian Frank Nault (Nault) has been accused of violating the conditions of his supervised release. Nault admitted all of the alleged violations, except alleged violation 9. The Court dismissed alleged violation 9 on the government's motion. Nault's supervised release should be revoked. Nault should be placed in custody for 12 months, with no supervised release to follow. Nault should receive credit for time served since August 24, 2021.

## II. Status

Nault pleaded guilty to Conspiracy to Possess Methamphetamine with Intent to Distribute on May 5, 2012. (Doc. 21). The Court sentenced Nault to 108 months of custody, followed by 4 years of supervised release. (Doc. 29). Nault's current term of supervised release began on January 4, 2021. (Doc. 84 at 2).

**Petition**

The United States Probation Office filed a Petition on July 14, 2021, requesting that the Court revoke Nault's supervised release. (Doc. 84). The Petition alleges that Nault violated the conditions of his supervised release: 1) by using Wellburtin; 2) by failing to maintain full time employment; 3) by failing to notify his probation officer of a change in residence; 4) by failing to report for substance abuse treatment; 5) by failing to follow the instructions of his probation officer on two separate occasions; 6) by using methamphetamine; 7) by consuming alcohol; and 8) by committing another crime. (Doc. 84 at 3-5).

**Initial appearance**

Nault appeared before the undersigned for his initial appearance on August 31, 2021. Nault was represented by counsel. Nault stated that he had read the petition and that he understood the allegations. Nault waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on August 31, 2021. Nault admitted that he had violated the conditions of his supervised release: 1) by using Wellburtin; 2) by failing to maintain full time employment; 3) by failing to notify

2

his probation officer of a change in residence; 4) by failing to report for substance abuse treatment; 5) by failing to follow the instructions of his probation officer on two separate occasions; 6) by using methamphetamine; and 7) by consuming alcohol. The Court dismissed alleged violation 9 on the government's motion. The violations that Nault admitted are serious and warrant revocation of Nault's supervised release.

Nault's violations are Grade C violations. Nault's criminal history category is III. Nault's underlying offense is a Class B felony. Nault could be incarcerated for up to 36 months. He could be ordered to remain on supervised release for up to 37 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Nault's supervised release should be revoked. Nault should be incarcerated for 12 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary. Nault should receive credit for time served since August 24, 2021.

### IV. Conclusion

The Court informed Nault that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Nault of

his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Nault that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

>That Adrian Frank Nault violated the conditions of his supervised release: by using Wellburtin; by failing to maintain full time employment; by failing to notify his probation officer of a change in residence; by failing to report for substance abuse treatment; by failing to follow the instructions of his probation officer on two separate occasions; by using methamphetamine; and by consuming alcohol.

The Court **RECOMMENDS:**

>That the District Court revoke Nault's supervised release and commit Nault to the custody of the United States Bureau of Prisons for 12 months, with no supervised release to follow. Nault should receive credit for time served since August 24, 2021.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written

objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 2nd day of September, 2021.

                                                John Johnston
                                                United States Magistrate Judge